UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**Ryea Bruske**
**Tamsyn Bruske**

**On behalf of Themselves and**
**all others similarly situated**

    **Plaintiffs**

v.                                       Case No. _____

**Capitol Watertown Sprechers, LLC**

    **Defendant.**

---

## COMPLAINT

---

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former servers and bartenders employed by the Defendant, to seek redress for the Defendant's failure to pay to them straight time and overtime pay required by the FLSA and Wisconsin law.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiffs allege violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiffs' claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

1

4. This Court has personal jurisdiction over the Defendant because a substantial portion of the Defendant's business activities, in particular those that affected the Named Plaintiffs in Watertown, Wisconsin, occurred at Watertown, Wisconsin within the Western District of Wisconsin.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because all of the events giving rise to the Named Plaintiffs' individual claims occurred at Watertown, Wisconsin, within this judicial district.

## THE PARTIES

6. Named Plaintiffs are adult residents of Wisconsin who previously worked for the Defendant as servers and bartenders, sometimes both during the same workweek, at the Sprecher Pub & Restaurant located at Watertown, Wisconsin. A copy of the FLSA consent signed by each Named Plaintiff is filed with the Court simultaneously with this Complaint.

7. Defendant Capital Watertown Sprechers, LLC ("Sprecher") is a Wisconsin limited liability corporation that currently operates three Sprecher Pub & Restaurants located at Watertown, Wisconsin Dells, and Lake Geneva in Wisconsin, as well as Fastlanes Pub located at Columbus, Wisconsin. Sprecher additionally operated Sprecher Pub & Restaurants in Madison, Wisconsin until 2018, and in Glendale, Wisconsin until 2019.

8. Sprecher by virtue of its operations within Wisconsin is an employer within the meaning of Wis. Stat. §109.03(1). Sprecher is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and by providing dining services to customers from outside Wisconsin who are traveling on interstate

2

highways. At all relevant times, Sprecher has had annual gross volume of business at or above $500,000.

## FACTS

9. Throughout the entirety of the Plaintiffs' periods of employment with Sprecher, it claimed a tip credit against the minimum wage owed to the Plaintiffs, so that the Plaintiffs received $2.33 per hour in cash from Sprecher when they worked as servers, and $7.00 per hour in cash from Sprecher when they worked as bartenders.

10. When the Plaintiffs were first hired by Sprecher, they did not receive any notice from Sprecher as to either how far their cash wage rate would fall short of the non-tipped minimum wage; or that Sprecher would make up the difference if their cash wages plus tips fell short of the minimum wage.

11. Throughout the course of the Plaintiffs' employment by Sprecher, Sprecher never asked them to sign, and they never signed, any tip declarations for each biweekly payroll period.

12. From the beginning of the Plaintiffs' employments with Sprecher until approximately the end of May of 2019, for each overtime hour worked as a server or bartender Sprecher took a tip credit equal to 1.5 times the tip credit that it claimed for straight time hours worked, so that the Plaintiffs received a wage rate of $3.495 per hour for their overtime hours worked as servers, and a wage rate of $10.50 per hour for their overtime hours worked as bartenders.

13. While Sprecher began to pay its servers and bartenders at the correct overtime rates (assuming it was entitled to claim any tip credit at all) in June of 2019, it has never made retroactive

3

payments to its current and former servers and bartenders for overtime that it paid at unlawfully low rates prior to June of 2019.

14. When the Plaintiffs worked as bartenders, Sprecher management would clock them out. Thereafter the Plaintiffs would perform additional work such as organizing and recording the monies and paper records generated through their shifts working as bartenders, and then having a manager verify that all monies received by the bartender during the shift from customers had been accounted for.

15. While Plaintiffs were permitted to clock themselves out while working as servers, if Sprecher management believed the Plaintiffs took too long to complete their end-of-shift tasks a Sprecher manager would adjust the Plaintiffs' punch out time, so that Plaintiffs were not paid for all of their time spent working for Sprecher at the end of their shifts as servers.

16. During a portion of 2019 Sprecher would move hours worked from Ryea Bruske to Tamsyn Bruske, so that the hours would be paid at straight time rates to Tamsyn Bruske, rather than at overtime rates to Ryea Bruske.

17. During the time period that Sprecher transferred work hours from Ryea Bruske to Tamsyn Bruske, Tamsyn Bruske was a full-time student at the University of Wisconsin Milwaukee who would only return to Watertown and work at Sprecher Pub & Restaurant between Fridays and Sundays, so that it was not possible for her to work the 30-40 hours per week or more that Sprecher paid to her.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated current and former Sprecher

servers and bartenders either (a) for whom Sprecher claimed a tip credit though it did not provide them with notices required by the FLSA; or (b) for whom Sprecher claimed a tip credit equal to time and a half the straight time tip credit for overtime hours worked.

19. Plaintiffs additionally bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated current and former Sprecher bartenders who performed additional work accounting for monies and paperwork generated throughout their shifts but was already punched out and therefore was not paid for such additional work.

20. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiffs and have claims similar to their first claim for relief.

21. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were servers and bartenders of Sprecher who experienced Sprecher's uniform policies of claiming an excess overtime tip credit; and of claiming a tip credit despite failing to provide notice required by law; or were bartenders of Sprecher who were required to perform work to account for monies and paperwork generated throughout their shifts after they had been clocked out.

## CLASS ALLEGATIONS

22. Plaintiffs seek to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All servers and bartenders employed by Sprecher at any of its current or former restaurants for whom Sprecher claimed, during the time period of October 10, 2017 to the present, a tip credit against the minimum wage.

All servers and bartenders employed by Sprecher at any of its current or former restaurants who, during the time period between October 10, 2017 and the end of May 2019 either did or could have worked more than 40 hours during a workweek.

All bartenders employed by Sprecher at any of its current and former restaurants who, during the time period between October 10, 2017 and the present, performed additional work to account for monies and paperwork received during their shifts after they had been clocked out.

23. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief during the time period between October 10, 2017 and the present Sprecher has employed more than 100 combined servers and bartenders, and more than 40 bartenders, when combining all six operating and defunct restaurants that are or were under its control.

24. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether under Wisconsin law an employer may take a tip credit against its obligation to pay the minimum wage of $7.25 per hour to its tipped employees, when its payroll records do not contain tip declarations signed by those tipped employees for each pay period;

(b). Alternatively, whether under Wisconsin law an employer must take the same tip credit per hour for each straight time and overtime hour worked by the employee, or whether the employer may take a tip credit equal to time and a half the straight time tip credit for its employees' overtime hours worked;

(c). Whether under Wisconsin law time spent by bartenders to organize and account for monies and paperwork generated through their shifts are pursued necessarily and primarily for the benefit of their employer's business, so that such time must both count as time worked and must be paid.

6

25. Plaintiff's claims are typical of those of the Rule 23 class in that they, just like the proposed class, received the minimum wage minus tip credits claimed by Sprecher even though they never signed tip declarations for each pay period; received overtime wages minus a tip credit equal to time and a half the straight-time tip credit through May of 2019; and while working as bartenders were not paid for time spent at the end of their shifts to organize and account for monies and paperwork generated through their shifts.

26. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

28. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-27 of the Complaint.

29. Sprecher was not entitled to claim a tip credit against the minimum wage owed to the Plaintiffs when it failed to communicate to the Plaintiffs either the amount of the tip credit it was claiming against its obligation to pay the minimum wage to the Plaintiffs, or that it was

7

obligated to make up the difference should the Plaintiffs' cash wages and tips fell short of the non-tipped minimum wage.

30. Because an employer must take the same amount of tip credit for each and every one of its employees' hours worked, and tips received in excess of the tip credit do not constitute remuneration for employment under the FLSA, Sprecher violated the FLSA by taking a larger credit equal to 1.5 times the straight time tip credit for its employees' overtime hours worked.

31. Sprecher failed to pay all legally required overtime pay to the Plaintiffs by failing to count as hours worked their time spent organizing and accounting for monies and paperwork generated through their shifts as bartenders, and by adjusting the Plaintiffs' punch out times when they worked as servers.

32. By crediting hours worked by Ryea Bruske to the paychecks of Tamsyn Bruske in order to avoid paying additional overtime pay to Ryea Bruske, Sprecher failed to timely pay minimum wage and overtime pay to Ryea Bruske, thus entitling Ryea Bruske to recover all overtime premium pay that neither Ryea Bruske or Tamsyn Bruske ever received, plus liquidated damages on all minimum and overtime wages that Sprecher unlawfully paid to Tamsyn Bruske for the hours that Ryea Bruske worked.

33. Sprecher either knew, or should have known that its method of determining hours worked and computing overtime pay for the Plaintiff violated the FLSA, so that Plaintiff is entitled to recover, in addition to all overtime wages owed to her, an equal amount as liquidated damages; plus the application of a three years statute of limitations.

34. Plaintiffs are entitled to recover from Sprecher her reasonable attorneys' fees and costs incurred in bringing this count of the Complaint under §216(b) of the FLSA.

8

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

35.     Plaintiff re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 34 of the Complaint.

36.     Sprecher is not entitled to claim any tip credit against its obligation to pay the minimum wage to the Plaintiffs under Wisconsin law, when it never required, and the Plaintiffs never did sign tip declarations for each biweekly payroll period.

37.     Both the Plaintiffs' time spent organizing and accounting for monies and paperwork generated by their shifts as bartenders, and their time spent working that Sprecher deducted by adjusting their punch-out times when working as servers were primarily for the benefit of Sprecher, so that the times must count as hours worked under Wisconsin law.

38.     Plaintiffs are therefore entitled to the full non-tipped minimum wage for each and every straight time hour they worked for Sprecher, including the hours described by paragraph 37 of the Complaint.

39.     Plaintiffs are similarly entitled to time and a half the full non-tipped minimum wage for each and every hour they worked for Sprecher after the first 40 hours of the workweek, with the work hours described by paragraph 37 of the Complaint included in computing their hours worked for the week.

40.     Even if Sprecher was entitled to claim a tip credit against the minimum wage owed to the Plaintiffs, because DWD §272.03 contains language identical to federal regulations for each and every overtime hour worked the Plaintiffs were entitled to receive time and a half the minimum wage minus the straight time tip credit, rather than time and a half the minimum wage minus time and a half the straight-time tip credit.

9

41. Plaintiff Ryea Bruske did not receive all overtime premium pay owed to her as a result of Sprecher's practice of transferring work hours from her to Tamsyn Bruske in order to avoid paying overtime premium pay to Ryea Bruske.

42. Pursuant to Wis. Stat. §109.03(5), Plaintiff is entitled to maintain a lawsuit against Sprecher for all straight time and overtime wages that they are entitled to but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(a) on all straight time and overtime wages that remain unpaid at the time of the filing of this lawsuit, along with their reasonable attorneys' fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Sprecher is liable to the plaintiff and all members of the proposed collective action for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Sprecher is liable to the Plaintiff and all members of the proposed Rule 23 classes for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages on all such unpaid wages, plus their attorneys' fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Grants to the Plaintiff such other and further relief as the Court deems just and proper.

Dated this 10th day of October, 2019.

/s/Yingtao Ho

Yingtao Ho (State Bar No. 1045418)
yh@previant.com
Joe Sexauer (State Bar No. 1103206)
jms@previant.com
The Previant Law Firm S.C.
310 W. Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
(414) 271-4500
(414) 271-6308 (fax)

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Ryea Bruske, hereby consents to participate in the lawsuit against Capital Watertown Sprechers, LLC ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: October 9, 2019

Signed: [signature]