IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

| | |
|---|---|
| RYEA BRUSKE and<br>TAMSYN BRUSKE,<br>On behalf of Themselves and<br>all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CAPITOL WATERTOWN<br>SPRECHERS, LLC, CAPITOL CUISINE, LLC,<br>CAPITOL COLUMBUS, LLC, KEVIN LEDERER,<br>AND SUE GETGEN<br><br>　　　　　Defendants. | Case No. 19-CV-851 |

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**
_____

**INTRODUCTION**

　　　　The named Plaintiffs, Ryea Bruske and Tamsyn Bruske ("Plaintiffs") filed this individual and collective action under the Fair Labor Standards Act ("FLSA") and Wisconsin law. The Plaintiffs' Amended Complaint lists a myriad of alleged violations under state and federal law such as failure to pay overtime, improper deductions from wages, and requiring Plaintiffs to work after they have punched out. The majority of these claims are individually fact intensive and not suitable for collective action, nor have the Plaintiffs sought to certify a class based upon those claims.

　　　　However, the Plaintiffs have also sought class certifications on their claim that the Defendants were not entitled to claim tip credit against their obligation to pay minimum wage to tipped employees when the Defendants never required and their tipped employees never signed tip declarations for each

bi-weekly pay period. (Doc. 18-14.)[1] The Defendants are entitled to summary judgment as a matter of law on this claim, as there is no private right of action to enforce the tip declaration recordkeeping requirements under Wis. Admin. Code § DWD 272.03(2)(b). In addition, the point of sale ("POS") system used by the Defendants to collect employee tip information meets the requirements of DWD § 273.03(2)(b). For the foregoing reasons, as discussed more fully below, the Defendants ask this Court to grant judgment to the Defendants on the Plaintiffs' Wisconsin law claim that they are entitled to recover full minimum wage without a tip credit for every hour they worked for the Defendants.

## ARGUMENT

**I.    SUMMARY JUDGMENT IS APPROPRIATE ON THE PLAINTIFFS' STATE LAW TIP DECLARATION CLAIM**

The standards for granting summary judgment are well known and need not be set forth in full. Summary judgment is appropriate when there are no material facts in dispute and a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Further, partial summary judgment is an appropriate mechanism for resolving separate issues before trial, *Archer-Daniels-Midland Co. v. Phoenix Assurance Co. of New York*, 936 F. Supp. 534 (S.D. Ill. 1996), as it can help define, narrow and resolve issues prior to trial. *ODC Communications Corp. v. Wehruth, Inc*., 826 F.2d 509 (7th Cir. 1987).

In this case, it is undisputed that the Defendant LLCs' payroll records do not contain tip declarations signed by tipped employees for each pay period, and it is also undisputed that the Defendant LLCs' tipped employees[2] used a POS system, which recorded all sales and credit card tips, and prompted employees to enter their cash tips before signing out. It is further undisputed that each

---

[1] As of the date of the filing of this Motion, the Court has not yet ruled on the Plaintiffs' Motion to Amend Complaint which seeks to add additional Defendants to the case. However, for purposes of this Motion only, "Defendants" refers to any individuals or corporate entities already named in this action or proposed as Defendants in the Plaintiffs' Motion to Amend Complaint.

[2] The reference to "Defendant LLCs' payroll records" or "Defendant LLCs' tipped employees" refers only to Defendant LLCs which actually owned and operated Sprechers Restaurants and Pubs and employed Plaintiffs and any other potential class members.

tipped employee received a paycheck with their paystub that reflected the taxes taken out of all wages (including hourly wages and tips). Under the circumstances, the sole issue is whether the Plaintiffs can maintain a lawsuit under Wis. Stat. § 109.03(5) against the Defendants to recover the full minimum wage without tip credit for each and every hour worked based upon the lack of tip declarations. Inasmuch as there are no genuine issues of fact regarding this particular claim, this claim is appropriate for summary judgment.

## II. THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE THE TIP CREDIT RECORDKEEPING REQUIREMENTS SET FORTH IN THE WISCONSIN ADMINISTRATIVE CODE.

Chapters 270-279 of the Wisconsin Administrative Code governing the Department of Workforce Development's Labor Standards Bureau contain a recordkeeping provision governing tip credits taken by employers. Specifically, Wis. Admin. Code § DWD 272.03(2)(b) provides:

> 1. When the employer elects to take tip credit the employer must have a tip declaration signed by the tipped employee each pay period and show on their payroll records that any required social security or taxes have been withheld each pay period to show that when adding the tips received to the wages paid by the employer, no less than the minimum rate was received by the employee. When the employer's time and payroll records do not contain these requirements, no tip credit shall be allowed.
>
> 2. The department may refuse to take action to collect minimum wage deficiencies for a tipped employee who has refused or failed to file an accurate signed tip declaration for the employer each pay period.

The Plaintiffs maintain that, because the Defendant LLCs' payroll records do not contain tip declarations signed by each tipped employee, the Plaintiffs are entitled to bring a lawsuit to recover the full minimum wage without a tip credit for the hours they worked for the Defendant LLCs. However, there is nothing in this section of the Wisconsin Administrative Code that gives the employees the right to enforce the recordkeeping requirements set forth therein, nor is such a right recognized at common law.

Indeed, the Plaintiffs' argument was rejected in *Spoerle v. Kraft Foods Global, Inc.*, 527 F. Supp. 2d 860 (W.D. Wis. 2007), wherein the plaintiffs asserted, *inter alia*, claims for violations of recordkeeping requirements under Wis. Admin. Code DWD §§ 272.10 and 274.06.  The plaintiffs in *Spoerle* argued that Wisconsin law recognizes a private cause of action for an employer's failure to keep adequate records.  The *Spoerle* court flatly rejected that argument, stating succinctly, "That is incorrect."  Specifically, the court noted that Wis. Stat. § 109.03(5) authorizes a cause of action for employee wages, which has nothing to do with recordkeeping.

Similarly, in *DeKeyser v. Thyssenkrupp Waupaca, Inc*., 589 F. 2d 1026 (E.D. Wis. 2008), the court also addressed class action claims under Wisconsin law alleging recordkeeping violations under Wis. Admin. Code. §§ DWD  272.11 and 274.06.   In addressing the issue of whether a private right of action exists under Wisconsin law for an employer's failure to keep adequate records, the *DeKeyser* court adopted the findings and rationale of the *Spoerle* court, stating, "For this reason I find that there is no private right of action to enforce recordkeeping violations and will therefore grant Waupaca's motion to dismiss the second cause of action for any claim based upon an alleged recordkeeping violation under Wisconsin law."  589 F. Supp. 2d at 1034.  Simply put, without a showing that the legislature intended to create a private civil remedy, Plaintiffs cannot seek relief in this Court. *Antwaun A. v. Heritage Mut. Ins. Co*., 228 Wis. 2d 44, 66, 596 N.W.2d 456 (1999).

Further supporting the Defendants' position that the Plaintiffs have no right to bring a private claim for violations of the recordkeeping requirements under § DWD 272.03(2)(b) is the Affidavit of Jim Chiolino ("Chiolino Aff."), filed contemporaneously herewith, who is the current Director of the Wisconsin Equal Rights Divisions Bureau of Hearings and Mediations, and the former Director of the Equal Rights Division's Labor Standards Bureau.  According to Mr. Chiolino, the DWD enforces Wisconsin's laws and regulations related to minimum wage, overtime pay, timely payment of wages and wage recordkeeping requirements.  (Chiolino Aff., ¶ 3.)  According to Mr. Chiolino, the DWD is responsible for enforcing the "tip declaration" requirements of § DWD  272.03(2). (Chiolino Aff., ¶

4.) Accordingly, it is the DWD, not private employees, who has the authority to enforce the recordkeeping requirement set forth in the Wisconsin Administrative Code.

This interpretation is further bolstered by § DWD 272.03(2)(b)(2), which specifically states that, "the department" (the DWD) may refuse to take action to correct minimum wage deficiencies under this section of the Code. Clearly, the authority and discretion to take action to collect minimum wage deficiencies under § DWD 272.03(2)(b) lies with the DWD. As Mr. Chiolino succinctly states, "Claims for violations of the tip declaration recordkeeping requirements of § DWD 272.03(2) can only be pursued by the DWD." (Chiolino Aff., ¶ 6.) Under the circumstances, the Defendants are entitled to summary judgment as a matter of law on the Plaintiffs' Wisconsin law claim seeking full minimum wage without a tip declaration credit for hours worked for the Defendants.

### III. THE POS SYSTEM USED BY THE DEFENDANTS MEETS THE REQUIREMENTS OF DWD § 272.03(2).

Finally, although the Defendant LLCs did not have their employee sign a tip declaration for each pay period, the Defendant LLCs did use a point-of-sale system, a "POS", to collect employee tip information, and the Defendant LLCs did provide their tipped employees with paychecks with paystubs attached that reflected the taxes taken out for all the wages. In other words, the tip declarations were essentially done electronically, as opposed to the more archaic signed tip declarations contemplated by the Wisconsin Administrative Code. Under the circumstances, as noted by Jim Chiolino in his Affidavit, the POS system meets the requirements of DWD § 272.03(2), and as such, even if the Plaintiffs did have a right to bring a claim under this section of the Code, the Defendant LLCs would be deemed compliant via their use of a POS system. (Chiolino Aff., ¶ 5.) Indeed, Mr. Chiolino stated that the DWD would not pursue a claim based on use of a POS system. (Chiolino Aff., ¶ 6.) As such, the Defendants are entitled to summary judgment as a matter of law on the Plaintiffs' tip declaration claim under Wisconsin law.

This is a very simple issue, ripe for summary judgment even at this early stage of the proceedings. The Plaintiffs do not have the authority to bring a claim for minimum wage deficiencies under Wis. Admin. Code § DWD 272.03(2)(b), as that authority is vested in the DWD. Further, even if they did, the POS system utilized by the Defendant LLCs satisfies the record keeping requirements under that section of the Code. As such, summary judgment is appropriate on the Plaintiffs' claim under Count II of its Amended Complaint, as set forth in ¶¶ 55 and 59 therein.

## CONCLUSION

For the foregoing reasons, and as set forth in the Defendants' Motion for Partial Summary Judgment, the Proposed Findings of Fact, the Affidavit of Jim Chiolino and the papers and pleadings on file herein, the Defendants respectfully request that this Court grant their Motion for Partial Summary Judgment on the Plaintiffs' claim for insufficient minimum wage based upon the Defendants' alleged violation of Wis. Admin. Code § DWD 272.03(2)(b).

Dated this 14th day of August, 2020.

BECK, CHAET, BAMBERGER & POLSKY, S.C.
Attorneys for Defendants

By: /s/ Matthew S. Vignali
   Barry L. Chaet
   State Bar No. 1001405
   Matthew S. Vignali
   State Bar No. 1023288

P. O. Address:

BECK, CHAET, BAMBERGER & POLSKY, S.C.
330 East Kilbourn Avenue, Ste. 1085
Milwaukee, WI  53202
Phone: (414) 273-4200
Fax: (414) 273-7786
Email: bchaet@bcblaw.net
Email: mvignali@bcblaw.net