**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

---

RYEA BRUSKE and
TAMSYN BRUSKE,
On behalf of Themselves and
all others similarly situated,

          Plaintiffs,

v.

CAPITOL WATERTOWN
SPRECHERS, LLC, CAPITOL CUISINE, LLC,
CAPITOL COLUMBUS, LLC, KEVIN LEDERER,
AND SUE GETGEN

          Defendants.

Case No. 19-CV-851

---

**DEFENDANTS' BRIEF IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR
RULE 23 CLASS CERTIFICATION**

---

## INTRODUCTION

Plaintiffs' Motion for Class Certification (Doc. 65) (hereinafter "Plaintiffs' Motion"),

seeks to certify named Plaintiff Ryea Bruske as the class representative for the following two

proposed subclasses:

    (1) All Tipped Employees of Sprecher Pub and Restaurants for whom the Defendants
        claimed a tip credit against the minimum wages owed to them (the "First Proposed
        Subclass"); and

    (2) All Tipped Employees of Sprecher Pub and Restaurants for whom during one or more
        workweeks the Defendants claimed a tip credit, and who either purchased or had a
        deduction made from their cash wages for uniforms (the "Second Proposed
        Subclass").

For the reasons discussed below, Plaintiffs have failed to establish all of the necessary requirements under Rule 23 of the Federal Rules of Civil Procedure for class certification, and Defendants request that this Court deny Plaintiffs' Motion in its entirety.

## PROCEDURAL HISTORY

Before addressing the merits of Plaintiffs' Motion, the Defendants believe it is important to discuss the other pending motions in this case as they affect the Defendants' response to the Plaintiffs' Motion.  First, presently pending before the Court are the following motions:

1) Plaintiffs' Motion for Leave to Amend Complaint (Doc. 33).

2) Plaintiffs' Motion for Conditional Certification (of a FLSA class) (Doc. 37).

3) Defendants' Motion for Partial Summary Judgment (on the Plaintiffs' tip credit claim under Wisconsin law) (Doc. 50).

4) Plaintiff's Motion to Strike (the Supplemental Affidavit of James Chiolino) (Doc. 63).

Two of the above pending motions affect the Defendants' response to Plaintiffs' Motion.  First, absent a ruling on the Plaintiffs' Motion for Leave to Amend Complaint, which seeks to remove some defendants and add new defendants, both corporate and individual, it is extremely difficult, if not impossible, for the Defendants to respond to the Plaintiffs' Motion as the Defendants do not know who the eventual Defendants will be in this case.  Although the Defendants have attempted to respond herein to the Plaintiffs' arguments concerning the Sprechers restaurants other than the Watertown location, the Defendants' arguments may change depending on how the Court rules on the Motion for Leave to Amend Complaint.

The Defendants' pending Motion for Partial Summary Judgment is even more critical to the Plaintiffs' Motion, as the Defendants' Motion for Partial Summary Judgment, if granted, would eliminate the Plaintiffs' First Proposed Subclass, which includes all Sprecher's employees for whom the Defendants claimed a tip credit.  The Defendants' Motion for Partial Summary

Judgment seeks dismissal of the Plaintiffs' tip credit claim under Wisconsin law.  Thus, if granted, the only claim left for a Rule 23 class would be the uniform deduction claim (the Second Proposed Subclass), and the Defendants' defenses to that claim may differ, as loss of the tip credit claim affects some of the Rule 23 requirements, and may give rise to a request to deny supplemental jurisdiction over the uniform deduction claim. Accordingly, the Defendants respectfully request that this Court rule on the pending motions stated above prior to deciding the current motion seeking to certify a Rule 23 class, and give the Defendants the opportunity to adapt their response to the Rule 23 motion accordingly, as may be appropriate.

For the same reasons, it is difficult for Defendants to respond to Plaintiffs' proposed Notice of Class Action Lawsuit and Opt-Out Form (Doc. 65-1).  Therefore, in addition, should the Court grant Plaintiffs' Motion in whole or in part, Defendants request that the Court set a schedule allowing the parties time to meet and confer to see if they can agree on the form of the Notice of Class Action Lawsuit and Opt-Out Form, or if no agreement can be reached, allowing Defendants time to submit their proposed Notice of Class Action Lawsuit and Opt-Out Form for consideration by the Court.

Notwithstanding the pendency of above motions, the Defendants have made their best effort to address the Plaintiffs' Motion based upon the current procedural status of the case.

## RULE 23 REQUIREMENTS

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements and procedures for a member of a class to sue as a representative of all class members.  A class action can proceed only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  The Plaintiffs must prove all four of these requirements, which are known as numerosity, typicality, commonality and adequacy of representation.  *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).  Plaintiffs must also establish that the proposed classes satisfy one of the three alternatives in Rule 23(b).  *Id.*

"In addition to the express requirements of Rule 23, courts have recognized two implicit ones. First, the named class representatives must have standing, that is, they must be members of the class they propose to represent."  "Second, the definition of the proposed class must be 'precise, objective and presently ascertainable.'"  "Class definition is critical because it 'identifies the persons (1) entitled to relief, (2) bound by the judgment, and (3) entitled to notice in a Rule 23(b)(3) action.'" *Blihovde v. St. Croix Cty.,* Wis., 219 F.R.D. 607, 614 (W.D. Wis. 2003). (Internal citations omitted).  *See also*, *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) (Courts recognize "an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria," which is known by "the term 'ascertainability.'")

A class action may only be certified if the Court is satisfied "after a rigorous analysis" that the Plaintiffs have satisfied all of the prerequisites of Rule 23.  *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982).  The Court must conduct this rigorous analysis to protect absent class members whose rights may be affected by the class certification.  *Davis v. Hutchins,* 321 F.3d 641, 649 (7th Cir. 2003).  Frequently, that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim.  *Wal-Mart Stores v. Dukes,* 131 S. Ct. 2541, 2551-52 (2011).  The party seeking certification of the class bears the burden of demonstrating that certification is proper by a preponderance of the evidence.  *Bell v. PNC Bank, Nat. Ass'n,*

800 F.3d 360, 373 (7th Cir. 2015).  Failure to meet any one of Rule 23's requirements precludes class certification.  *Harper,* 581 F.3d at 513.

"As the Seventh Circuit has also taught, the district court does not talismanically accept the plaintiff's factual allegations as true when determining whether to certify a class." *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 395 (N.D. Ill. 2006) (Internal citations omitted). "Instead, a district court often probes behind a plaintiff's allegations because it is necessary to determine whether, if the class were certified, the issues presented could fairly and confidently be resolved with respect to all the absent class members based on the proof offered on behalf of only the named plaintiff(s)." *Id.*

For the reasons discussed below, based upon the proof offered on behalf of the two named Plaintiffs in this case, Plaintiffs have not demonstrated that all of Rule 23's requirements have been satisfied, and therefore Plaintiffs' Motion for Class Certification must be denied.

## ARGUMENT

**I.  PLAINTIFFS' HAVE NOT ESTABLISHED THAT ANY PROPOSED CLASS SHOULD CONTAIN EMPLOYEES FROM ALL SPRECHERS PUB AND RESTAURANT LOCATIONS.**

Plaintiffs spend several pages at the outset of their Memorandum of Law In Support of the Plaintiffs' Motion For Class Certification (Doc. 66) (hereinafter "Plaintiffs' Brief") making contradictory arguments, apparently in an effort to convince the Court that any class should include tipped employees from all Sprechers restaurant locations, other than just the Watertown location where Plaintiffs were employed, because potential joint liability is a "common question".  (*See*, Plaintiffs' Brief at pp. 3-6).  For the reasons that are set forth in the various Argument sections below, Defendants contend that Plaintiffs have not satisfied all of the requirements of Rule 23 with regard to either proposed subclass, and certainly have not

presented any evidence as to whether Rule 23's requirements are met as to any location other than Watertown.  Plaintiffs cannot simply "backdoor" the tipped employees from other Sprechers restaurants into a proposed class by attempting to argue that whether some other person or entity might be liable for another's violation might be a common question which supports class certification, especially when that potential issue relates only to the commonality requirement of Rule 23.

Plaintiffs' argument is replete with misstatements and misrepresentations.  In one paragraph, Plaintiffs acknowledge that separate LLCs owned and operated the Sprecher restaurant locations in Watertown, Lake Geneva, Wisconsin Dells, Madison and Glendale Wisconsin, and that "Sprecher Pub and Restaurants" is not an incorporated entity.  (Plaintiffs' Brief at p. 3).  In the next paragraph, and paragraphs that follow, Plaintiffs argue that "Sprecher Pub and Restaurant as the parent entity is liable for wage and hour violations at each of the five restaurants if it directed the restaurants to adopt the policies that caused their employees' unpaid wages"; and "[i]f Sprecher Pub & Restaurant is liable as the parent company of the individual Sprecher restaurants, its owner Kevin Lederer can be held liable for the unincorporated organization's liability."[1]  (Plaintiffs' Brief at pp. 3-4).

Whether Kevin Lederer or any other individual Defendant may be individually liable for the Plaintiffs' claims is not an issue properly before the Court in Plaintiffs' Motion.  Moreover, "Sprecher Pub and Restaurant" is not the "parent entity" of the various Sprechers restaurant locations, nor is Kevin Lederer the "owner" of "Sprecher Pub and Restaurant". (Declaration of

---

[1] Whether the Sprechers Watertown restaurant location, or all the Sprechers restaurant locations would be a proper class was briefed at length by the Defendants in Defendants' Brief In Opposition to the Plaintiffs' Motion For Conditional Certification (Doc. 44), therefore the Defendants do not intend to re-brief that issue fully here, but rather incorporate the arguments made in Defendants' Brief In Opposition to the Plaintiffs' Motion For Conditional Certification as they may be applicable here.

Kevin Lederer dated November 17, 2020 ("Lederer Decl.") at ¶¶ 7-9). Each Sprechers restaurant location is operated by a separate legal entity. (Lederer Decl. at ¶¶ 2-6). "Sprecher Pub and Restaurant" cannot be liable as a parent entity of the various Sprechers restaurant locations, because it does not exist. Plaintiffs further distort and misrepresent the evidence of record in arguing, for example, that the same operations director, accountant and payroll companies were involved in overseeing the operations of each restaurant, and this makes it "likely" that they dictated the adoption of alleged policies Plaintiffs are seeking to challenge in this case . (Plaintiffs' Brief at pp. 5-6). To the contrary, operations manager Sue Getgen testified that she had no responsibility with regard to payroll issues, as they were the responsibility of the restaurant general manager (Doc. 39, at transcript p. 9). She further testified that it was the general manager of each location who oversaw the operations at each individual Sprechers restaurant. (Doc. 39, at transcript pp. 92-98).

Whether Kevin Lederer is individually liable for Plaintiffs' alleged unpaid wages is simply irrelevant to this Court's analysis of Plaintiffs' Motion. The fatal flaw in Plaintiffs' argument that the proposed classes should include the tipped employees at all Sprechers restaurant locations is that Plaintiffs are assuming that Kevin Lederer's presence as a Defendant permits joinder of all tipped employees at all locations. It has not yet been determined that Kevin Lederer is a proper Defendant in this case. Indeed, Defendants intend to file a motion for summary judgment on that issue, as this District has recognized that common ownership by the same individual is not sufficient to render otherwise separate companies a joint employer. *See, e.g., Jones v. Cruisin' Chubbys Gentlemen's Club*, 2018 WL 2303019 (W.D. Wis. 2018).

Moreover, Plaintiffs reliance on cases such as *Bell v. PNC Bank, N.A.*, 800 F.3d 360 (7th Cir. 2015) is inapposite to this case. In *Bell*, the named plaintiff, an employee of a single PNC

Bank branch, brought an action claiming failure to pay overtime wages in violation of the Fair Labor Standards Act, and sought certification of a class that included employees of multiple other PNC branches.  The court found that the requirements of Rule 23 were met based on evidence presented from employees of multiple separate branches of PNC Bank.  However, as discussed in more detail below, the Plaintiffs have not produced any evidence whatsoever in support of Plaintiffs' Motion for any other Sprechers location other than the Watertown restaurant.

In sum, this Court should not allow Plaintiffs to "backdoor" tipped employees of all Sprechers restaurant locations into the proposed classes, based on speculation and conclusory allegations that a non-existent "parent entity", and that non-existent parent entity's alleged "owner" may be liable to all such employees thus creating a common question warranting, on its own, class certification.  Rather, this Court must conduct a rigorous analysis to determine whether <u>all</u> the requirements of Rule 23 have been met.  For all of the reasons discussed herein, Plaintiffs have clearly not met their burden to establish all of those requirements have been met, thus mandating denial of Plaintiffs' Motion.

## II.   PLAINTIFFS' PROPOSED CLASSES ARE NOT OBJECTIVE OR PRESENTLY ASCERTAINABLE.

Plaintiffs' Motion seeks certification of the following two subclasses: (1) ***All Tipped Employees of Sprecher Pub and Restaurants*** for whom ***Defendants*** claimed a tip credit against the minimum wages owed to them; and (2) ***All Tipped Employees of Sprecher Pub and Restaurants*** for whom during one or more workweeks ***the Defendants*** claimed a tip credit, and who either purchased or had a deduction made from their cash wages for uniforms. (Doc. 65) (Emphasis added).

The only current Defendant which owned and operated a Sprechers Restaurant and Pub is Capitol Watertown Sprechers, LLC, which operated the restaurant in Watertown, Wisconsin.[2] (Lederer Decl. at ¶ 2).  Other separate entities owned and operated the different Sprechers Restaurants and Pubs in other locales, a fact which Plaintiffs themselves admit.  (Plaintiffs' Brief at p. 3) (Lederer Decl. at ¶¶ 3-6).  Although Plaintiffs repeatedly refer to "Sprecher Pub and Restaurants" as a "parent entity" and to Defendant Kevin Lederer as the "owner" of "Sprecher Pub and Restaurants" throughout Plaintiffs' Brief (*see, e.g.*, Plaintiffs' Brief at pp. 2-4), in fact, there is no legal entity known as "Sprecher Pub and Restaurants", nor have Plaintiffs provided any evidence that there is such an entity, and Kevin Lederer is not an owner of any such entity. (Lederer Decl. at ¶¶ 7-9).  Indeed, Plaintiffs admit and acknowledge there is no such entity. (Plaintiffs' Brief at p. 3).  In fact, it is not clear in Plaintiffs' Motion what locations "Sprechers Pub and Restaurants" purportedly includes.  Despite Plaintiffs express admissions, Plaintiffs blatantly play fast and loose with the facts throughout their brief, which flies in the face of the requirement that they be definite and precise in defining a proposed class.  Accordingly, there are no "Tipped Employees of Sprecher Pub and Restaurants", and therefore the two classes proposed by Plaintiffs cannot be objectively identified and are not readily ascertainable.

Moreover, Plaintiffs' First Proposed Subclass is overbroad.  If a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendants allegedly unlawful conduct, the class is defined too broadly to permit certification.  *Messner v. Northshore University Healthsystem,* 669 F.3d 802, 824 (7th Cir. 2012).

---

[2] As noted above, Plaintiffs' Motion for Leave to Amend Complaint (Doc. 33), in which Plaintiffs seek to add new defendants to the case is currently pending before the Court.  Thus, at this time the identity of the "Defendants" referred to in the proposed class definitions cannot be presently ascertained.

Plaintiffs seeks certification of a First Proposed Subclass consisting of all tipped employees "for whom the Defendants claimed a tip credit against the minimum wages owed to them". Plaintiffs' Brief suggests they seek to challenge the alleged policy of the "Defendants" to claim a tip credit against minimum wage owed to tipped employees who did not sign a tip declaration for the full amount of tips received during each pay period. (Plaintiffs' Brief at p. 1). However, the First Proposed Subclass contains no such limitation. Rather, Plaintiffs seek certification of a class consisting of ***all*** tipped employees for whom a tip credit was claimed. To the extent the alleged "unlawful conduct" is that employees did not sign written tip declarations and therefore no tip credit can be claimed, the First Proposed Subclass, as defined, is clearly overbroad. [3] Therefore, for all of the above reasons, this Court should deny certification as to both proposed classes.

## III. THE PLAINTIFFS HAVE NOT ESTABLISHED THAT THE PROPOSED CLASSES MEET ALL OF THE REQUIREMENTS OF RULE 23(a).

Plaintiffs carry the burden to establish, by a preponderance of the evidence, that the proposed classes meet all of the requirements of Rule 23(a). For the reasons set forth below, Plaintiffs have failed to meet this burden, and therefore Plaintiffs' Motion should be denied.

### A. Plaintiffs Have Failed to Establish That the Proposed Class regarding Uniform Deductions is Sufficiently Numerous.

The general rule is that a class of 20 or fewer does not satisfy numerosity, a class of 41 or more is generally sufficiently numerous, and classes in between may or may not be big enough

---

[3] The Defendants have filed a Motion for Partial Summary Judgment (Doc. 50) on the issue of whether the Point of Sale system utilized by Capitol Watertown Sprechers, LLC, as well as at the other restaurants which Plaintiffs are attempting to add as part of this case, is sufficient to meet the requirements of Wisconsin Admin. Code § DWD 272.03(2)(b) in lieu of signed tip declarations. Should this motion be granted, then Plaintiffs' First Proposed Subclass, even if more narrowly defined, would be rendered moot.

depending on the facts and circumstances of the case.  *See, e.g.*, cases cited in *Paper Sys. Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 604 (E.D. Wis. 2000).

In an attempt to meet the numerosity requirement, the Plaintiffs rely on certain payroll records of Defendant Capitol Watertown Sprechers, LLC, relating only to the Watertown restaurant where the named Plaintiffs were employed.  Plaintiffs present absolutely no evidence whatsoever regarding the other Sprechers restaurant locations, including the number of tipped employees who may have been paid cash wages of less than $7.25 per hour at those restaurants.  Moreover, both named Plaintiffs have acknowledged that they only worked at the Watertown Sprecher's Restaurant, that they have no knowledge as to what employees were paid at any other Sprechers restaurants, and that they have no knowledge of any policies or procedures that are in place at any of the other Sprechers restaurants.  (Doc. 46, at transcript pp. 35:6-15, 39:2-5, 151:5-8) (Doc. 47, at transcript pp. 82:24 – 83:1-5, 113:17-25).

Plaintiffs assert that whether defined as only those employees at the Watertown Restaurant or all employees at all five Sprecher Pub and Restaurant locations, the subclass that challenges the Defendants' "uniform policy of claiming a tip credit against minimum wage" meets the numerosity requirement.  (Plaintiffs' Brief at p. 8).  However, it is well settled law in the Seventh Circuit that Plaintiffs cannot rely on conclusory allegations that joinder is impracticable or on speculation as to the size of the class in order to prove numerosity.  *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Even if this Court were to deny the Defendants' pending Motion for Partial Summary Judgment (Doc. 50) which would render Plaintiffs' First Proposed Subclass moot, Plaintiffs have failed to meet their burden to establish numerosity as to any Sprechers location other than the Watertown location, and therefore the Court must decline to engage in speculation, and limit any

certification of the First Proposed Subclass strictly to the Watertown location.[4]  Conclusory allegations that joinder is impracticable and speculation as to class size are not sufficient.  *Allen v City of Chicago*, 828 F. Supp. 543, 550 (N.D. Ill. 1993).

The Plaintiffs' attempts to establish numerosity for the Second Proposed Subclass relating to alleged uniform deductions is pure speculation which must be rejected by the Court. The Plaintiffs present literally no evidence as to how many, if any, employees (aside from named Plaintiffs) at either the Watertown restaurant, or any of the other Sprechers restaurant locations may have purchased uniforms or had deductions made from their paychecks for uniforms. Indeed, the Plaintiffs concede they do not know how many tipped employees purchased uniforms.  (Plaintiffs' Brief at p. 8).

Plaintiffs simply cite to a dress code in an employee handbook and deposition testimony of Sue Getgen, an operations manager, for the proposition that employees were required to wear a clean uniform with a Sprechers logo on it when they worked.  Plaintiffs concede that each employee was in fact given a uniform to wear at no cost to the employee (Plaintiffs' Brief at p. 8).  From that, Plaintiffs ask this Court to speculate that employees <u>likely</u> "had to purchase" at least one additional uniform to comply with the dress code.  The Plaintiffs go on to ask this Court to speculate that since more than 100 employees worked at the Watertown restaurant alone during the statute of limitations period covered by this lawsuit, there are more than 500 eligible tipped employees that <u>likely</u> worked at one or more "Sprechers Pub and Restaurant" locations who were eligible to purchase uniforms, and thus "the uniform minimum wage subclass

---

[4] Though they will not be expressly repeated here, the same arguments made by Defendants in Defendants' Brief In Opposition to Plaintiffs' Motion for Conditional Certification (Doc. 44) as to why any proposed class should be limited to the Watertown location apply here.

therefore is <u>likely</u> to include 50 members or more, and would be sufficiently numerous…" (Plaintiffs' Brief at pp. 8-9).[5]

In this case, named Plaintiffs have not presented any evidence that any employees, other than the two of them, purchased or had deductions taken from their wages for extra uniforms. In fact, the only evidence in the record on this issue refutes Plaintiffs' attempts to establish numerosity as to the Second Proposed Subclass. As discussed above, Plaintiffs have testified they have no knowledge of what other employees were paid, or about the policies or procedures at any of the other Sprechers restaurants. Plaintiffs have also acknowledged that they were given uniforms at no cost when they started their employment and that they were not required to purchase additional uniforms. (Doc. 46, at transcript p. 94:17-20) (Doc. 47, at transcript p. 73:5-9, p. 74:18-75:3). In fact, the only evidence of record is that policies with regard to uniforms differed and were developed by the individual management teams at each Sprechers restaurant location and there were uniform policies specific to the Watertown restaurant. (Doc. 39, at transcript pp. 69:16-70:14). Employees were also given sweatshirts every year which they were allowed to wear as uniforms as well. (Doc. 39, at transcript p. 72:6-10). If the uniforms wore out, they would be replaced at no cost. (Doc. 39, at transcript p. 74:3-16). Therefore, even if employees did purchase additional Sprechers logo clothing (which Plaintiffs have presented no evidence of), Plaintiffs have presented no evidence that any such purchases were for the Defendants' benefit, as opposed to for the employee's own benefit, or even as gifts for others,

---

[5] Plaintiffs reliance on *Chapman and Paldo Sign & Display Co. v. Wagner Equities, Inc.* for the proposition that this Court can infer that at least 50 tipped employees would have purchased uniforms is misplaced. In Chapman, the Court was not asked to engage in speculation, based on the facts presented in that case.

since Sprechers is a popular brand with members of extended families or the public outside of the restaurant employment setting.[6]

The issue of whether the numerosity requirement is satisfied is extremely fact-specific. *Chandler v Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995). Plaintiffs cannot eschew their burden to establish numerosity by a preponderance of the evidence by choosing to present no evidence and asking the court to engage in speculation. A class of two is not sufficient. Therefore, Plaintiffs have failed to establish that the numerosity requirement is met as to the Second Proposed Subclass and Plaintiffs' Motion to certify that subclass must be denied.

Rule 23(a)(1) also requires that Plaintiffs show that "the class is so numerous that joinder of all members is impracticable." Plaintiffs make only two brief arguments in an attempt to establish that joinder of the proposed class members in this case would be impracticable: (1) the class members are "somewhat scattered" in that they worked at locations within both the Eastern and Western Districts of Wisconsin that "could be" more than 100 miles apart from each other; and (2) some of the employees are still current employees. (Plaintiffs' Brief at p. 9).

Generally, the type of geographic diversity that renders joinder impracticable occurs when potential class members are scattered across the country. *See, e.g., Paper Sys. Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 604 (E.D. Wis. 2000) (74 to 100 potential class members reside in 22 states); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986)(29 class members are from nine different states); *Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (class members reside in five different states, and few of them reside in the same district); *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 431 (N.D. Ill. 2003)(the

---

[6] That Sprechers is a popular clothing brand is evidenced by it being offered for sale online to the general public by Sprecher Brewing Co. *See, e.g.*, www.sprecherbrewery.com/product-category/apparel

national dispersion of the class members strongly suggests that joinder is impracticable in this case). In the instant case, Plaintiffs provide no concrete evidence, only speculation, as to the geographic location of potential class members.  As the courts held in *Marcial* and *Allen*, Plaintiffs cannot rely on conclusory allegations that joinder is impracticable.

In addition, if either of the proposed classes would be limited to the employees of the Watertown location, presumably the potential class members would be proximate to one another, and would all be located in the Western District.  Even if the proposed class included members who worked at other Sprechers restaurant locations that were slightly more than 100 miles apart from each other, as plaintiffs suggest, the entire class would still be located within a small geographic area in the State of Wisconsin, with virtually no geographic dispersion, and certainly not to the extensive degree as in the cases cited above finding that factor controlling.

Plaintiffs also make conclusory allegations that "some of the employees are current employees" which they claim further supports the conclusion that their joinder in a single lawsuit would be impracticable.  Plaintiffs present no evidence on this issue because, in fact, Plaintiffs know this statement to be untrue.  Plaintiffs are most certainly aware that there are no "current employees" of the Sprechers Watertown location where they worked, because that restaurant was permanently closed on November 13, 2019.  (Doc. 54-1, p. 2; Lederer Decl. at ¶ 2).  In addition, the Sprechers Glendale location was permanently closed in January of 2019 and the Sprechers Madison location was permanently closed in February of 2018.  (Lederer Decl. at ¶¶ 3-4).

Based on the above, Plaintiffs' conclusory allegations fail to establish that joinder would be impracticable, and thus Plaintiffs' Motion should be denied.

**B.  Plaintiffs Have Failed to Establish the Commonality Requirement for All of the Proposed Classes.**

Without waiving the arguments asserted by Defendants in their Motion for Partial Summary Judgment relating to the First Proposed Subclass, Defendants do not dispute that the allegations made by Plaintiffs relating to that subclass present a common question of law as to tipped employees who worked at the Watertown location.   However, the Plaintiffs have failed to make the requisite showing that there is a common question of law regarding the Second Proposed Subclass for deductions for uniforms at all of the "Sprecher Pub and Restaurants", and thus Plaintiffs have failed to establish that there is a commonality on the uniform issue sufficient to support class certification of the Second Proposed Subclass.

As discussed above, the Plaintiffs cannot rely on conclusory allegations and speculation to support class certification.  Yet, the Plaintiffs do so again, making the unsupported conclusory allegation "[n]or is there any basis to believe different Sprecher Pub and Restaurants had different rules on how many free uniforms each employee received, or that employees must wear a clean uniform each day they worked." (Plaintiffs' Brief at p. 12).  The Plaintiffs have provided no evidence of any payments or deductions for uniforms other than their own at the Watertown location they worked at.  The Plaintiffs have also admitted they have no knowledge of what other employees were paid or what the policies and procedures were at other Sprechers locations. (Doc. 46, at transcript pp. 35:6-15, 39:2-5, 151:5-8) (Doc. 47, at transcript pp. 82:24 – 83:1-5, 113:17-25).  Yet, Plaintiffs seek to include all tipped employees for all "Sprechers Pub and Restaurants" in their Second Proposed Subclass.

Sue Getgen, an Operations Manager, testified that the Watertown location where Plaintiffs worked had a dress code developed by the Watertown management team which was exclusive to that location, and the management teams at the other locations developed their own

dress code.  (Doc. 39, at transcript pp. 69:16-70:14).  The fact that Plaintiffs' proposed class contains other employees at other locations than Watertown, combined with Plaintiffs failure to offer any evidence relating to those employees on the issue of uniform payments or deductions mitigates against a finding of commonality.  *See, e.g., Vazquez v. Ferrara Candy Company*, 2016 WL 4417071 at *9 (N.D. Ill. 2016).  Clearly, Plaintiffs have fallen far short of establishing commonality as to "all Tipped Employees of Sprecher Pub and Restaurants" relating to the Second Proposed Subclass, and the Motion for Class Certification as to that subclass should also be denied for this reason.

### C. Plaintiff Ryea Bruske Has Not Established That Her Claims Are Typical of Those of Proposed Class Members Who Worked at Sprechers Restaurants Other Than Watertown.

A named Plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory.  *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir, 2008).  Although it is not entirely clear, Plaintiffs seem to be relying solely on named Plaintiff Ryea Bruske as the proposed class representative since named Plaintiff Tamsyn Bruske is not mentioned in Plaintiffs Brief or Plaintiffs' Motion.

Although Plaintiffs assert that Ryea Bruske's claims are typical of the class she seeks to represent, with regard to the First Proposed Subclass, Plaintiffs have only presented evidence regarding wage payments for the Plaintiffs and the Watertown restaurant location.  With regard to the Second Proposed Subclass relating to uniform deductions, Plaintiffs have offered no evidence other than deductions made to the paychecks of named Plaintiff Ryea Bruske.  As pointed out above, Plaintiffs have no knowledge of what employees at other Sprechers locations

are paid, and have no knowledge of policies and procedures at any other Sprechers restaurants, which policies are set by the management teams at each individual location.

Accordingly, with regard to the First Proposed Subclass, there is simply no evidence that Ryea Bruske's claims are typical of other employees who worked at Sprechers restaurants other than the Watertown location, and the Court cannot find that the typicality requirement is met for any location other than Watertown. With regard to the Second Proposed Subclass, there is no evidence that Ryea Bruske's claims are typical of any other employee at any Sprechers restaurant location. Therefore, the Court cannot find that she has met the typicality requirement as to the Second Proposed Subclass. *See, e.g*., *Vazquez*, 2016 WL 4417071 at \*9.

### D. Proposed Named Plaintiffs Are Not Adequate Representatives of All Proposed Class Members.

Defendants do not contest the adequacy of Plaintiffs' counsel or the adequacy of named Plaintiff Ryea Bruske to serve as the class representative as to the First Proposed Subclass for employees that worked at the Watertown location. However, Defendants do not agree that named Plaintiff Tamsyn Bruske is an adequate class representative of either proposed subclass, as Plaintiffs have offered no Declaration or other evidence to support any such finding.

In addition, for the reasons discussed in detail above, the record in this case establishes that Ryea Bruske is not an adequate representative as to either proposed subclass as to employees who worked at any Sprechers location other than Watertown, as she admits she has no knowledge regarding employee pay, or policies and procedures at any other location.

## IV. THE PROPOSED CLASS ACTION DOES NOT MEET THE REQUIREMENTS OF RULE 23(b)(3).

When, as here, certification is sought under Rule 23(b)(3), the Plaintiffs must show both that: (1) the questions of law or fact common to the members of the proposed class predominate

over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy. *Messner*, 669 F.3d at 811. The Plaintiffs have not met either of these burdens based on the evidence presented.

**A. Class Issues Do Not Predominate Over Individual Issues With Regard to the Second Proposed Subclass.**

The predominance criterion is far more demanding than Rule 23's requirements for typicality and commonality. *Messner*, 669 F.3d at 814. The requirement of predominance is not satisfied if individual questions overwhelm questions common to the class. *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (Internal citations omitted). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question." *Messner*, 669 F.3d at 815. At its essence, predominance is concerned with whether the putative named plaintiffs can, through their individualized cases, offer proof on a class-wide basis. *See Hewitt v. Joyce Beverages of Wisc., Inc.*, 721 F.2d 625, 628–629 (7th Cir.1983).

Defendants do not dispute that the requirements of Rule 23(b)(3) are met with regard to the First Proposed Subclass, though for the reasons set forth above, and in Defendants' Brief In Opposition to the Plaintiffs' Motion for Conditional Certification (Doc. 44), any such subclass must be limited to the Sprechers Watertown location.[7] However, Plaintiffs have not met the predominance requirement with regard to the Second Proposed Subclass.

In addition to failing to present any evidence regarding payment or deduction for uniforms outside of the Plaintiffs themselves, Plaintiffs have not established that there is any "policy" at the Sprechers Watertown location or any other location that requires any employee to pay for a

---

[7] Of course, as set forth herein, as well as in Defendants' Brief in Support of Defendants' Motion for Partial Summary Judgment (Doc. 51), it is Defendants' position that the First Proposed Subclass should not be certified because Plaintiffs' claims relating to signed tip declarations should be dismissed in their entirety.

uniform.  In fact, as cited above, Plaintiffs have acknowledged that they were given uniforms at

no cost when they started their employment and that they were not required to purchase

additional uniforms.  Moreover, the testimony of Sue Getgen discussed above establishes that

policies with regard to uniforms differed and were developed by the individual management

teams at each Sprechers restaurant location, that there were uniform policies specific to the

Watertown restaurant, that employees were also given sweatshirts every year which they were

allowed to wear as uniforms, and that if uniforms wore out, they would be replaced at no cost.

For purposes of Rule 23(b)(3), Plaintiffs attempt to frame this issue in the context that the

predominance issue is satisfied because whether the "Defendants common policy" of claiming a

tip credit that brought its employees up to but not above the minimum wage "while causing

employees to pay for work uniforms" requires answering a common question of law, and if there

is a finding of liability the amount of damages can be easily computed as the amount of payment

for the cost of uniforms.  (Plaintiffs Brief at p. 16).  However, the only evidence presented by

Plaintiffs as to payment or deduction for uniforms relates solely to the experience of the named

Plaintiffs.  Plaintiffs have not adduced any evidence through deposition testimony, affidavits,

declarations or otherwise to support their theories of liability and damages with respect to any

other potential members of the Second Proposed Subclass.  With no such evidence, it would be

improper for the Court to speculate in an attempt to conclude that issues common to the Second

Proposed Subclass predominate over those relating to class members individually.  *See, e.g.*,

*Vazquez*, 2016 WL 4417071 at *10.

Moreover, the court's decision denying certification in *Laughlin v. Jim Fischer, Inc.*,

2019 WL 1440406 (E.D. Wis. Mar. 31, 2019) is instructive on this issue.  In *Laughlin*, the court

found certification was inappropriate when a determination of each employee's travel time

would require individualized consideration of each of their circumstances and individualized examination of each of their timecards. *Id.* at *4. The court stated that "[l]iability as well as harm are not dependent on a uniform policy, but rather determined by the individual circumstances surrounding each plaintiff…[E]ven for an individual plaintiff liability and harm will be dependent on the circumstances surrounding each week that the employee worked." *Id.* at *10. In the case at bar, just like in *Laughlin*, in the absence of a "policy" requiring employees to purchase uniforms, both liability and harm are not dependent on any policy of Defendants, but rather on the individual circumstances of each potential class member.

For example, even if Plaintiffs were to establish that employees at Watertown, or other Sprechers restaurant locations did purchase additional Sprechers logo clothing (which Plaintiffs have presented no evidence of whatsoever), Plaintiffs would still have to establish that such clothing was purchased for the Defendants' benefit, which would require individualized determinations as to whether the purchases were for the employee's own benefit, or for gifts for family or for use outside of employment. Thus, determinations would also need to be made on an individual basis as to whether purchases or deductions resulted in the employee receiving less than minimum wage. This is the exact scenario contemplated in *Messner* and *Laughlin* – in order to make a prima facie showing as to liability on the uniform issue, the proposed subclass would need to present evidence that varies from member to member, and between the various Sprechers locations.

Therefore, whether a clothing purchase resulted in an employee receiving less than minimum wage is an individual question which predominates over any common question of law or fact. The named Plaintiffs cannot, through their own individualized cases, offer proof on a

class-wide basis with regard to the Second Proposed Subclass.  Accordingly, Plaintiffs' Motion to certify the Second Proposed Subclass should be denied.

### B. A Class Action is not the Superior Method of Resolving Plaintiffs' Claims for Uniform Deductions.

Plaintiffs cannot meet the superiority requirement of Rule 23(b)(3) with regard to the Second Proposed Subclass for the same reasons Plaintiffs have not met the predominance requirement.  Just like the predominance requirement, the superiority requirement is far more demanding than the commonality requirement.  *Hyderi*, 235 F.R.D. at 404.  Plaintiffs have offered no evidence of any policy at the Watertown location, or any other Sprechers restaurant location, that <u>required</u> employees to pay for or have deductions made to their pay for uniforms. In fact, the record before the Court establishes there was no such requirement.  Nor have the Plaintiffs established that any other employee other than the named Plaintiffs paid for and had deductions made for clothing which the employee subsequently chose to wear as a uniform.

Whether a given employee purchased clothing, whether any such purchase was "required" for that employee, whether any such purchase was for the employee's benefit or the employer's benefit, and whether, if such purchase was required for the employer's benefit, it resulted in the employee being paid less than minimum wage are all questions which must be resolved on an individual employee basis.  Therefore, a class action is not the superior method of resolving any claims relating to uniforms.

When evaluating the superiority requirement, the Court should also consider what other procedures may exist, and compare the possible alternatives to determine whether a class action is justified.  *Hyderi*, 235 F.R.D. at 403-04.  With regard to any employees who may believe they have a claim as a result of paying for uniforms, Wisconsin law allows any such employee to proceed by filing a claim with the Wisconsin Department of Workforce Development pursuant to

Wis. Stat. §109.09, at no cost to the employee and with no requirement to hire an attorney. The employee would be entitled to seek any unpaid wages due, as well as increased damages up to 100% of any unpaid wages due, as well as any costs, expenses and reasonable attorney's fees incurred. Wis. Stat. §§109.11(2)(b), 109.03(6); (an award of expenses under sub. (6) may include attorney fees; *See Jacobson v. American Tool Cos., Inc.*, 222 Wis.2d 384, 588 N.W.2d 67 (Ct. App. 1998)). The availability of statutory damages plus the ability to recover attorney's fees and costs provides substantial incentives to bring meritorious individual suits. *Hyderi*, 235 F.R.D. at 404.

For these reasons, Plaintiffs have not established that a class action is the superior method of relief as to the Second Proposed Subclass, and Plaintiffs' Motion for certification of that class must be denied.

<u>**CONCLUSION**</u>

For all of the reasons stated above, the Plaintiffs have failed to meet their burden to establish, by a preponderance of the evidence, that all of the requirements of Rule 23 have been met. The Plaintiffs have further failed to produce any evidence in support of their Motion regarding any of the other Sprechers restaurants other than Watertown, and this Court cannot engage in speculation. Thus, the Plaintiffs' Motion for Class Certification should be denied, or alternatively, any class certification should be limited to the tipped employees who worked at the Sprechers Watertown restaurant.

Dated this 17th day of November, 2020.

BECK, CHAET, BAMBERGER & POLSKY, S.C.
Attorneys for Defendants

By: /s/ Matthew S. Vignali
        Barry L. Chaet (SBN: 1001405)
        Matthew S. Vignali (SBN: 1023288)

P. O. Address:

BECK, CHAET, BAMBERGER & POLSKY, S.C.
330 East Kilbourn Avenue, Ste. 1085
Milwaukee, WI  53202
Phone: (414) 273-4200
Fax: (414) 273-7786
Email:  bchaet@bcblaw.net
Email:  mvignali@bcblaw.net