IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYEA BRUSKE and TAMSYN
BRUSKE, on behalf of themselves
and all others similarly situated,

OPINION AND ORDER

Plaintiffs,

v.                                                      19-cv-851-wmc

CAPITOL WATERTOWN SPRECHERS,
LLC, KEVIN LEDERER, SUE GETGEN,
CAPITOL GENEVA, LLC, CAPITOL
DELTON, LLC, CAPITOL GLENDALE,
LLC, and CAPITOL HOSPITALITY, LLC,

Defendants.

---

On behalf of themselves and other similarly situated, putative plaintiffs, Ryea Bruske and Tamsyn Bruske claims that defendants violated the Fair Labor Standards Act ("FLSA") and Wisconsin's wage payment and collection laws. The parties have jointly moved for preliminary approval of a settlement agreement. (Dkt. #124.) For the reasons that follow, the court will grant the motion and will hold a fairness hearing on May 19, 2023, at 11:00 a.m.

BACKGROUND

The court conditionally certified plaintiffs' collective action (dkt. #97) and defendants waived their ability to seek decertification as part of the settlement. (Br. in Supp. (dkt. #125) 5.) The court also conditionally approved the following 29 U.S.C. § 216(b) collective:

> All tipped employees employed at Sprechers Restaurant & Pub
> locations at Watertown, Wisconsin Dells, Lake Geneva,

Glendale, and Madison, Wisconsin during the time period on
or after August 23, 2018.

(Opinion and Order (dkt. #97) 24.)

The total settlement fund is $93,209.98, which includes all attorneys' fees, costs, damages, and the inventive award.  (Settlement Agreement (dkt. #124-1) 3.)  Plaintiffs' counsel will request $38,243.09 from the fund for attorneys' fees and costs, which defendants will not oppose.  "For each opt-in whose consent form was timely filed with the Court, the settlement provides unpaid wages under a three years statute of limitations and liquidated damages under a two years statute of limitations. For the two opt-ins whose consent forms were not timely filed with the Court, the settlement provides unpaid wages under a three years statute of limitations and no liquidated damages."  (Br. in Support (dkt. #125) 6.)  Sixteen workers have opted into the collective per the court's docket, including named plaintiffs and the two late opt-ins.  (Dkts. ##103-113.)

OPINION

## I.  Preliminary Settlement Approval

Because the court previously granted collective class certification to plaintiffs, with defendants waiving the right to file for decertification as a condition of the settlement, the court need only address the settlement terms.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1353 (11th Cir. 1982).

2

"To determine the fairness of a settlement under FLSA, 'the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08CV4377(KAM)(CLP), 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010), report and recommendation adopted, No. 08-CV-4377 KAM CLP, 2010 WL 2545472 (E.D.N.Y. June 18, 2010) (quoting *Tuan Le v. Sita Information Networking Computing USA, Inc*. 2008 WL 724155, at *1).  When reviewing a FLSA class action settlement, a court normally considers the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quoting Misiewicz, No. 08CV4377(KAM)(CLP), 2010 WL 2545439, at *3).

The factors here generally weigh in favor of the fairness of the proposed settlement. Regarding the expense of litigation, this settlement will limit the cost of the case, while giving class members relief more quickly.  Preparing for and undergoing a trial would take many hours of class counsel's time, raising the overall cost of litigation to the class.  There are also risks to both parties in continuing litigation, as legitimate disputes of law and fact exist.  For instance, plaintiffs admit that they would have a difficult time proving willfulness at trial, potentially minimizing the damages that could be recovered.  (Br. in Support (dkt.

#125) 7.)  On the other hand, the fact that the court already certified plaintiff's FLSA collective heightens the downside risk to defendants in taking the claims to trial.  (Opinion and Order (dkt. #97) 24.)

Ultimately, timely class members will receive unpaid wages and liquidated damages, with the two, untimely class members receiving only the unpaid wages.  (Br. in Support (dkt. #125) 6.)  For the timely class members, this represents a full recovery.  The only scenario that involves members increasing their recovery is if the court awarded additional, liquidated damages after a jury finding of liability, but such damages are discretionary and far from guaranteed.  (Br. in Support (dkt. #125) 6.)  Because the settlement provides full recovery to class members while mitigating the risk of further litigation for both sides, the court finds the settlement to be fair and reasonable, and accordingly, grants preliminary approval.

## II. Incentive Award and Attorneys' Fees

The court next addresses the validity of the named plaintiff's incentive award and counsel's request for attorneys' fees.  The settlement provides named plaintiffs with a $1500 incentive award.  (Settlement Agreement (dkt. #124-1) 4.)  As proposed, the two named plaintiffs appear to split this $1500 award, although the parties are encouraged to clarify whether the award is $1500 per named plaintiff or $1500 total. Either way, the total incentive award of $1500 to $3000 appears justified as a form of compensation for the extra work a named plaintiff performs in a class action lawsuit of this kind.  *E.g.*, *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 410 (7th Cir. 2000).  Ultimately, the appropriate amount of an incentive award depends on "the actions the plaintiff has taken

to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 834 (7th Cir. 2018) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). The proposed range here is well within the reasonable range for incentive awards, and this court has approved similar fee awards for other class settlements. *See Clements v. WP Operations, LLC*, No. 19-CV-1051-WMC, 2023 WL 315511, at *4 (W.D. Wis. Jan. 19, 2023) (approving a $5000 incentive award for the named plaintiff in a wage-and-hour class action.)

As to attorney's fees, the parties have proposed that class counsel be awarded $38,213.94 in attorneys' fees and expenses under the lodestar method. The lodestar method roughly estimates "the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). As proposed, the attorney's fee award represents about 41% of the total class recovery of $93,209.98, based on an hourly rate of $250. In calculating the hours worked, plaintiffs' counsel excluded "time spent unsuccessfully opposing the Defendants motion for partial summary judgment on the tip declaration issue and unsuccessfully moving for class certification." (Mot. to Appr. Sett. (dkt. #124) 9.) Given that the fee award is a reasonable percentage of the total settlement fund, the court is willing to grant preliminary approval. However, as always, this approval is subject to it further scrutiny of class counsel's application for attorneys' fees, including submission of any engagement or retainer agreement, plaintiffs' counsel's hourly billing records and rates, as a factor in determining an appropriate fee award.

## III. Proposed Notice

Finally, the court will authorize class counsel to send notice to members of the class. Because the court previously approved the proposed collective and its members have since opted-in, the notice provides the terms of the class settlement and the method to object to it.  (Proposed Notice (dkt. #124-2) 2.)  Here, the proposed notice provides class members with information regarding the nature and claims of the action, class members' option to appear through counsel, and the availability and process for objection.  As such, the notice is appropriate and may be distributed.

### ORDER

IT IS ORDERED that:

1) Plaintiff's motions to allow the late opt-in of Kendra Feld (dkt. #114) and DiAngelo Miller (dkt. #118) are GRANTED.

2) The parties' joint motion for preliminary approval of settlement agreement (dkt. #124) is GRANTED.

3) The proposed notice attached as Exhibit 2 to the Settlement Agreement (dkt. #124-2) is APPROVED and class counsel is AUTHORIZED to distribute it as provided in the parties' submissions.

4) The court approves the following settlement procedure and timeline:
   a. no later than March 30, 2022, the Settlement Administrator shall begin mailing the notice to class members consistent with the opinion above;

   b. class members shall have until 30 days after mailing of notice to submit any objections;

   c. no later than April 28, 2022, class counsel shall file a petition for attorneys' fees and costs;

    d.  a motion for final approval and any briefing in support, as well as any objection to class counsel's fee petition are due on or before May 12, 2022; and

    e.  the court will hold a fairness hearing on May 19, 2022, at 11:00 a.m.

Entered this 23rd day of March, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge